# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JOHN DAVID WILSON, JR.,

     Petitioner,

v.
                                        Case No.  8:26-cv-722-JLB-LSG

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____/

## __ORDER OF DISMISSAL__

Mr. Wilson, a Florida prisoner, filed a petition for a writ of habeas corpus (Doc. 1) and a memorandum in support. (Doc. 2). The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases. It concludes that the petition is subject to summary dismissal because the Court lacks jurisdiction to consider it.

The petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the federal courts to consider "second or successive habeas corpus applications," *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641–42

1

(1998).  Section 2244(b) provides that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Mr. Wilson previously sought federal habeas relief in this Court regarding his aggravated battery and attempted first-degree murder convictions in state court Case No. 00-12480.  *See Wilson v. Secretary, Department of Corr.*, Case No. 8:07-cv-2185-T-33MAP (M.D.Fla.)  Thus, to the extent that the instant petition challenges those convictions, it is a second or successive petition. Mr. Wilson, however, has not shown that he has received authorization from the court of appeals to file a second or successive habeas petition challenging those convictions.  Consequently, this Court lacks jurisdiction to consider Mr. Wilson's challenge to those convictions.  *See Burton v. Stewart*, 549 U.S. 147, 152–57 (2007) (per curiam) (holding that when a petitioner does not obtain authorization from the appropriate court of appeals to file a second or successive habeas petition in the district court as required by § 2244(b)(3), the district court lacks jurisdiction to consider the petition).

To the extent that Mr. Wilson challenges his conviction for aggravated stalking in Case No. 99-18481, the Court also lacks jurisdiction to consider the challenge.  For jurisdiction to attach, a habeas corpus petitioner must be "in

custody" at the time the petition is filed. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Diaz v. Fla. Fourth Jud. Cir.*, 683 F.3d 1261, 1263 (11th Cir. 2012) (explaining that the "in custody" requirement is jurisdictional). Mr. Wilson is not in custody under the aggravated stalking conviction. *See Wilson v. Sec'y, Dep't of Corr.*, 717 F. App'x 891, 893 (11th Cir. 2017) ("Here, Wilson began serving his 60-month sentence in case No. 99-18481 in October 2001. When Wilson filed his construed section 2254 petition in 2015, his 60-month sentence had long since expired. Thus, Wilson was no longer 'in custody' for purposes of challenging his conviction for aggravated stalking.").

Accordingly:

1. The petition (Doc. 1) is **DISMISSED** without prejudice for lack of jurisdiction.

2. The Clerk is **DIRECTED** to close the case.[1]

**DONE and ORDERED** in Tampa, Florida, on March 23, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[1] Generally, a petitioner cannot appeal an order denying relief under Section 2254 unless a certificate of appealability ("COA") issues. But a COA cannot issue here because the Court lacks jurisdiction to consider the petition. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).